### ISHA V. SMITH v. JOHN G. KOENIG ET AL.

A mortgagee is entitled to the possession of the mortgaged chattels, and if the sheriff has taken them under an execution against the mortgagor and refuses, on demand, to deliver them to the mortgagee, replevin will lie.

---

On rule to show cause.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *John H. Backes.*

For the defendants, *Barton & Dawes.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This is an action in replevin. The plaintiff is the mortgagee in a chattel mortgage given by one Sarah A. Johnson, who was the tenant of the defendant Koenig, and in whose possession it remained.   There was a condition in the mortgage that if the mortgagor should permit or suffer any attachment or other process against property to be issued against her, &c., the mortgagee was empowered to take possession, &c.   Rent falling in arrear, the defendant, as landlord, issued his distress warrant and seized the mortgaged chattels, and thereupon the plaintiff, by virtue of his mortgage, demanded the delivery of the same to him, and upon refusal, replevined the same.

There can be no doubt that if the mortgagee was entitled to the possession of these chattels, the refusal of the defendant to deliver them on demand was an unlawful detention of them.   A mortgagee being in possession, or having the right of possession, has a right of occupancy that cannot be legally disturbed or interfered with under any legal process against the mortgagor.   This is the doctrine established by the Court of Errors in the case of *Fox* v. *Cronan*, 18 *Vroom* 503.   It is entirely clear that, under the force of that decision, the landlord could not exclude the mortgagee, even temporarily, from the possession of the chattels mortgaged.   It was therefore properly held in the trial court that the plaintiff in replevin was entitled to judgment.

The other objections have been examined, but we find nothing in them of substantial importance.

Let the rule be discharged.